# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIXIA GUERRERO,<br><br>                    Plaintiff,<br><br>v.<br><br>MERCEDES-BENZ USA, LLC, et al.,<br><br>                    Defendants. | Case No. 5:23-cv-00242-SSS-SPx<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [DKT. 15]** |

Before the Court is Plaintiff's Motion to Remand this Case to the Superior Court of the State of California for the County of Riverside (the "Motion"). [Dkt. 25]. For the following reasons, Plaintiff's Motion is **DENIED**.

## I. BACKGROUND

On or about September 19, 2021, Plaintiff purchased a pre-owned vehicle from Mercedes-Benz of Temecula. On December 3, 2022, Plaintiff filed an action against Defendant Mercedes-Benz USA, LLC ("Mercedes-Benz") in the Superior Court of the State of California for the County of Riverside. [Dkt. 15 at 3]. Guerrero alleges two federal causes of action and three state law causes of action. Both federal causes of action arise under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(l)(B). Mercedes- Benz removed the case from Riverside Superior Court on February 14, 2023, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. [Dkt. 1].

## II. LEGAL STANDARD

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States[.]"

The removal statutes are strictly construed and remand to the state court is to be granted where there are doubts as to the right of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1182 (9th Cir. 2015). District courts must remand the case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Smith v. Mylan, Inc.*, 761 F.3d 1042, 1044 (9th Cir. 2014).

## III. DISCUSSION

Plaintiff argues this Court does not have jurisdiction because Defendant has not established that the amount in controversy is greater than $50,000, as required in order to establish federal jurisdiction under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(3)(B).[1] In order for file a claim in district court under the Magnuson-Moss Warranty Act, the amount in controversy must be at least $50,000. *See* 15 U.S.C. § 2310(d)(3)(B). If the amount of controversy is less than $50,000, the plaintiff must instead file its Magnuson-Moss Warranty Act claim in any State or in the District of Columbia. 15 U.S.C. §§ 2310(d)(1)(A)–(B), 2310(d)(3)(B). For the purposes of the Magnuson-Moss Warranty Act, the amount in controversy is excludes interests and costs and is "computed on the basis of all claims to be determined in th[e] suit." *Id.* § 2310(d)(3)(B).

Here, Plaintiff alleges that pursuant to the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1794(c), Plaintiff is entitled to a civil penalty of two times the amount of her actual damages. [Dkt. 1-1 ¶ 28]. The two-time civil penalty Plaintiff seeks is not an "interest[] or cost[]" and may thus be included as part of the computation "of all claims to be determined" in the case. 15 U.S.C. § 2310(d)(3)(B); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (including the Song-Beverly Act's civil penalty of up to two times the amount of actual damages for the purposes of calculating amount in controversy under the Magnuson-Moss Warranty Act).

In the complaint, Plaintiff seeks, inter alia, restitution, incidental and consequential damages, actual and statutory damages, and a civil penalty of two

---

[1] Plaintiff mentions that Defendant was required to satisfy the procedural requirements of removal, but does not raise any substantive arguments noting Defendant's failure to complete any procedural requirements. [*See* Dkt. 15 at 7].

times Plaintiff's actual damages. [Dkt. 1-1 at 16]. In its Notice of Removal, Defendant provides evidence to suggest that the value of the vehicle in dispute was at least $23,201.00 at the time of purchase, [Dkt. 1-2], which means Plaintiff's prayer for restitution is approximately worth $23,201.00.[2] Additionally, the two-time civil penalty Plaintiff seeks to recover under the Song-Beverly Act is worth approximately $46,602.00. [Dkt. 1-1 ¶ 28]. Thus, a reasonable estimate for the amount in controversy is at least $69,603.00, which exceeds the $50,000 required amount under the Magnuson-Moss Warranty Act. Thus, this Court has federal question jurisdiction over the case.

## IV.  IV.  CONCLUSION

Accordingly, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 20, 2023

_____
SUNSHINE S. SYKES
United States District Judge

---

[2] In Plaintiff's Reply brief, Plaintiff concedes "the agreed upon value of the vehicle is $38,388.00," [Dkt. 18 at 4], which means the amount in controversy is likely even greater than the Court's estimate.